IN RE WILL OF N. S. MORGAN.

(Filed 4 November, 1920.)

1. **Wills—Withdrawal of Issues—Courts—Intimation of Opinion.**

When a caveat to a will has been filed it is not an intimation of opinion on the evidence for the trial judge to withdraw the issues of mental capacity and undue influence from the jury and leave only the general issue of *devisavit vel non*, when there was no legal evidence to sustain the issues withdrawn.

2. **Appeal and Error—Harmless Error—Evidence.**

The rejection of evidence having some tendency to show cordial relations between the testatrix and her son, is at most but harmless error when this relation is not controverted, and there is plenary evidence tending to establish it as a fact.

CAVEAT to a will, tried on the general issue of *devisavit vel non,* before *Calvert, J.,* and a jury, at June Term, 1920, of DURHAM.

Verdict and judgment establishing the will, and the caveator excepted and appealed. ·

*Bryant, Brogden & Bryant for propounder.*
*Brawley & Gantt for caveator.*

PER CURIAM.  There were three issues framed or tendered for submission to the jury.  One as to mental capacity of the testatrix, a second as to undue influence, and a third, the general issue of *devisavit vel non,* the verdict being only on the last issue.  It is contended for appellant that in withdrawing the first and second issues from the consideration of the jury, and the comments of the court in doing so, there was adverse intimation given as to the character and weight of the evidence bearing on those questions.  The formal execution of the paper-writing as the last will and testament of the testatrix was clearly proven, and if it be conceded that the exception insisted on is open to appellant, it would not avail him, for on careful perusal of the record we are of opinion that there are no facts in evidence to uphold a finding for the caveator on these issues, or that would justify their submission to the jury.  The objections as to the rulings of the court on questions of evidence are without merit. The fact that the deceased mother kept her·son's picture in her room might, under doubtful circumstances, may have been of significance as tending to show cordial relations between the two, but this was clearly proven by direct testimony, and is unchallenged so far as we can discover.  On the entire facts presented, it could in no event be allowed for reversible error.  We find nothing in the record that would justify the Court in disturbing the results of the trial, and the judgment establishing the due execution of the will must be affirmed.

No error.